IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOM FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1100-GMS |
| | ) |
| CITY OF FORTH WORTH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of July, 2013;

IT IS ORDERED that: (1) the pending motion for injunctive relief (D.I. 5) is **denied** without prejudice to renew; and (2) the Clerk of Court is directed to **transfer** this action to the United States District Court for the Northern District of Texas, Forth Worth Division, for the reasons that follow:

The plaintiff, Tom Franklin ("Franklin"), who resides in Fort Worth, Texas, filed this lawsuit pursuant to the Fair Debt Collections Practices Act. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The action is brought against the City of Forth Worth and the City of Forth Worth Code Enforcement and seeks $10,000,000 in compensatory damages, as well as injunctive relief, in connection with alleged illegal foreclosure practices.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." *Id.* §1404(a). The Court may raise venue and issue a Section 1404(a) transfer order sua sponte. *See e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that a substantial part, if not all, of the events or omissions giving rise to Franklin's claims occurred in Fort Worth, Texas. Fort Worth, Texas lies in Tarrant County and is within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). The court considers the allegations in the complaint and finds the interests of justice favor transferring the action to the Fort Worth Division of the Northern District of Texas, where the defendants are located and where, based upon the allegations, it appears most of the witnesses are located.

For the above reasons, the Clerk of Court is directed to transfer this action the United States District Court for the Northern District of Texas, Forth Worth Division. The motion for injunctive relief (D.I. 5) is denied without prejudice to renew.

CHIEF, UNITED STATES DISTRICT JUDGE